NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: DAVID TROPP,**
*Appellant*

---

2017-2503

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 13/412,233.

---

Decided: December 12, 2018

---

PAUL WHITFIELD HUGHES, Mayer Brown LLP, Washington, DC, argued for appellant. Also represented by JONATHAN WEINBERG.

MEREDITH HOPE SCHOENFELD, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Andrei Iancu. Also represented by THOMAS W. KRAUSE, MAI-TRANG DUC DANG, COKE MORGAN STEWART.

---

Before PROST, *Chief Judge,* CLEVENGER and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

David Tropp appeals a Patent Trial and Appeal Board decision affirming the examiner's rejection of claims 29–53 of U.S. Patent App. No. 13/412,233 for lack of sufficient written description support under 35 U.S.C. § 112. Because the Board erred in its analysis, we vacate and remand.

## BACKGROUND

The claims, which are not originally filed claims, cover a set of locks for securing travelers' luggage and methods of using that set of locks. Claim 29 has been treated as representative. It recites:

> 29. A set of locks for securing travelers' luggage while facilitating an entity's authorized luggage-screening of luggage that the travelers have locked with said locks, without breaking the locks or the luggage, wherein the set comprises at least a first subset and a second subset each comprising plural locks, each lock in each of the first and second subsets having a combination lock portion for use by the travelers to lock and unlock the lock and in addition having a master key portion for use by the luggage-screening entity to unlock and re-lock the lock while the combination lock portion of the same lock remains in a locked state, wherein the same master key unlocks the master key portion of each lock in the first and second subsets, and different locks of the first and second subsets have combination lock portions with different plural numbers of dials, wherein:

> the master portion of each lock in the first and second subsets of locks is configured for the same master key to unlock and re-lock the lock for the authorized luggage-screening independently of a locked state of the combination lock portion of the same lock;

the combination lock portion of each lock in the first and second subsets of locks is configured to unlock and re-lock the lock independently of a locked state of the master key portion of the same lock, using respective different combination dial settings of the plural number of dials as selected by of for the travelers;

each lock of a first subset of plural locks and a second subset of plural locks of the locks in the set has two or more combination lock dials;

the number of dials in each lock of the first subset differs from the number of dials in each lock of the second subset; and

each lock in the set has the same prominent indicia configured to uniquely differentiate the locks of the set from locks that are not configured for the luggage-screening entity to unlock and re-lock with the same master key for said authorized luggage-screening by said entity.

J.A. 29–30. The locks have two components: a combination lock portion for use by travelers, and a master key portion for use by a luggage-screening entity, like the Transportation Security Administration. The set of locks has at least two subsets with a different number of dials on the combination lock portion.

The Board found that the specification failed to provide sufficient written description support for the claims because it did not describe a "set of locks" with various "subsets," but instead described a single special lock with different embodiments. Mr. Tropp timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

DISCUSSION

Sufficiency of written description is a question of fact, which we review for substantial evidence. *Gen. Hosp.*

*Corp. v. Sienna Biopharmaceuticals, Inc.*, 888 F.3d 1368, 1371 (Fed. Cir. 2018). However, failure to consider the totality of the record in assessing written description constitutes legal error. *In re Alton*, 76 F.3d 1168, 1176 (Fed. Cir. 1996).

The '233 application was filed as a continuation of U.S. Patent App. No. 10/756,531, which is a continuation-in-part of App. U.S. Patent No. 10/706,500. The '531 application issued as U.S. Patent No. 8,145,576, and the '500 application issued as U.S. Patent No. 7,021,537. The '537 patent claims methods of "improving airline luggage inspection" using "a special lock."

The '233 and '500 specifications both refer to a "special lock having a combination lock portion and having a master key lock, the master key lock portion for receiving a master key that can open the master key lock portion of any special lock of this type, the special lock designed to be applied to an individual piece of airline luggage." *See* J.A. 22, 57. The '233 specification further states "[t]he phrase 'any special lock of this type' is intended to include special locks having a multiplicity of sub-types, such as different sizes, different manufacturing designs or styles, etc." J.A. 22. This language is not in the grandparent '500 specification. Mr. Tropp's primary argument before the Board relied heavily on this language. *See* J.A. 77–78.

The Board's only direct discussion of the additional language in the '233 specification is in a footnote in its discussion of written description. The footnote states in its entirety:

> Priority Application 10/756,531, now US 8,145,576, does describe "'any special lock of this type' is intended to include special locks having a multiplicity of sub-types, such as different sizes, different manufacturing designs or styles, etc." (Col. 4, ll. 21-24), but Application 10/756,531 is a

[continuation-in-part] of US'537. We find this description constitutes at least part of the added new matter of the continuation-in-part application.

J.A. 7 n.2. Mr. Tropp argues this footnote shows the Board disregarded the language that only appears in the '233 specification by mistakenly concluding it was not relevant because it was new matter. This footnote is at best confusing. Indeed, we believe Mr. Tropp's interpretation is the most plausible one. Even if it is new matter, the language in the '233 application as filed is relevant to assessing compliance with the written description requirement. *Cf. Waldemar Link v. Osteonics Corp.*, 32 F.3d 556, 558 (Fed. Cir. 1994) ("Claims containing any matter introduced in the CIP are accorded the filing date of the CIP application. However, matter disclosed in the parent application is entitled to the benefit of the filing date of the parent application."). The Board's failure to consider this language was erroneous.

## CONCLUSION

The Board's footnote indicates it did not consider the entire '233 specification in assessing whether there was sufficient written description support. Therefore, we vacate the Board's decision and remand for consideration of written description in light of the entire '233 specification.

## VACATED AND REMANDED

### COSTS

No costs.